

FILED
2018 JAN 18 PM 3: 30

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:18-CV-00090-ORL-18-TBS

DIAMOND RESORTS U.S. COLLECTION
DEVELOPMENT, LLC, and DIAMOND
RESORTS INTERNATIONAL, INC.,

    Petitioners,

vs.

NANCY A. JOHNSON,

    Respondent.

_____/

# PETITIONERS DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC AND DIAMOND RESORTS INTERNATIONAL, INC.'S PETITION/MOTION TO CONFIRM AN ARBITRATION AWARD PURSUANT TO SECTION 9 OF THE FEDERAL ARBITRATION ACT

Petitioners, Diamond Resorts U.S. Collection Development, LLC ("Developer") and Diamond Resorts International, Inc. ("DRI") (collectively "Petitioners"), in accordance with section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and 28 U.S.C. §1332, file this Petition to Confirm (the "Petition") the Arbitration Award entered against Respondent, Nancy A. Johnson, being the Interim Award of Arbitrator issued on October 31, 2016, together with the Final Award issued on January 19, 2017 (collectively the "Award"). In support of this Petition, Petitioners allege as follows:

Diamond Resorts U.S. Collection Development, LLC *et al.* vs. Johnson<br>
Petition to Confirm Arbitration Award

## PARTIES

1. Petitioner Developer is a limited liability company formed under the laws of State of Delaware, with its principal place of business being 10600 West Charleston Blvd., Las Vegas, Nevada.

2. The Developer's sole member is Diamond Resorts Developer and Sales Holding Co. ("Member"). Member is a corporation incorporated under the laws of the State of Delaware, with its principal place of business being 10600 West Charleston Blvd., Las Vegas, Nevada.

3. Petitioner DRI is a corporation incorporated under the laws of the State of Delaware, and with its principal place of business being 10600 West Charleston Blvd, Las Vegas, Nevada.

4. Respondent Nancy A. Johnson ("Johnson" or "Respondent") is an individual, is a resident and citizen of the state of Florida, is not a member of the military services, and is otherwise sui juris.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 in that the parties are completely diverse and the amount in controversy exceeds $75,000.00.

6. For purposes of establishing diversity jurisdiction of this Court, Developer's citizenship is determined through the citizenship of its members.

Diamond Resorts U.S. Collection Development, LLC *et al.* vs. Johnson
Petition to Confirm Arbitration Award

7. Developer's sole Member is a citizen of the States of Delaware and Nevada because Member is a Delaware corporation with its principal place of business located at 10600 West Charleston Blvd., Las Vegas, Nevada.

8. Developer is therefore a citizen of Nevada and Delaware.

9. For purposes of establishing diversity jurisdiction of this Court, DRI's citizenship, being that it is a corporation, is determined through its principal place of business and its place of incorporation.

10. DRI is incorporated in Delaware with a principal place of business located at 10600 West Charleston Blvd., Las Vegas, Nevada.

11. DRI is, therefore, a citizen of Nevada and Delaware.

12. Respondent Johnson is at all times relevant to this case a citizen of Florida being that she is an individual who resides in Florida.

13. Complete diversity of citizenship between Petitioners and Respondent exists.

14. The amount in controversy exceeds the threshold of $75,000.00 needed to establish the jurisdiction of this Court because the total monetary amount of the Award which Petitioners seek to confirm is, as of January 9, 2018, $170,733.30.

15. Venue is dictated by 9 U.S.C. § 9 ("FAA") which sets venue for the confirmation of an arbitration award in the district within which the arbitration was conducted and the award issued.

16. The final arbitration hearing took place in Orlando, Florida, and the arbitrator issued the Award within the territorial confines of the Middle District of Florida.

Diamond Resorts U.S. Collection Development, LLC *et al.* vs. Johnson<br>
Petition to Confirm Arbitration Award

## GENERAL FACTUAL ALLEGATIONS

17. Johnson and Developer entered into a Purchase and Security Agreement ("Agreement") on October 1, 2013. A true and correct copy of the Agreement, and its arbitration provision, is attached as Exhibit A.

18. Also on October 1, 2013, Johnson, as part of the purchase, executed a Promissory Note with Developer (the "Note").

19. The Agreement contained a provision for binding arbitration.

20. The arbitration agreement between the Developer and Johnson states: "[t]he Arbitration Provision shall be governed by the Federal Arbitration Act (the "FAA") and not state arbitration laws[.]" *See* Exhibit A, p. 7.

21. The arbitration agreement between the Developer and Johnson, further, states: "[a]ny court with jurisdiction may enter judgment upon the arbitrator's award." *See* Exhibit A, p. 7.

22. On September 22, 2015, Johnson, as Claimant, initiated arbitration proceedings by filing a Statement of Claim against DRI with the American Arbitration Association ("AAA").

23. The Statement of Claim was received and accepted by the AAA on September 22, 2015, initiating the arbitration proceeding with the following caption: *Johnson v. Diamond Resorts International, Inc.,* Case No. 01-15-0005-0544.

24. DRI, although not a party to the arbitration agreement between Developer and Johnson and without any dealings with Johnson, participated in the proceeding before the AAA for this claim.

Diamond Resorts U.S. Collection Development, LLC *et al.* vs. Johnson
Petition to Confirm Arbitration Award

25. On December 24, 2015, Johnson amended her Statement of Claim to include Developer.

26. The arbitration proceeded against both DRI and Developer under the operative Amended Statement of Claim with caption *Johnson v. Diamond Resorts U.S. Collection Development, LLC, and Diamond Resorts International, Inc.* Case No. 01-15-0005-0544.

27. The AAA appointed Francis X. Sexton, Jr. ("Arbitrator") as Arbitrator in the proceeding.

28. Along with its Answer, Developer filed a counterclaim against Johnson for breach of the Note.

29. The Final Arbitration Hearing took place in Orlando, Florida, on August 2 and 3, 2016.

30. The parties' written closing statements were filed on October 5, 2016, so the arbitration hearing was formally closed as October 11, 2016.

31. Along with the authority to decide the merits of the claim and counterclaim, the parties agreed the Arbitrator is to determine both the entitlement to and the amount of attorneys' fees and costs for the prevailing party.

32. The proceeding remained open until January 19, 2017, when the Arbitrator issued his Final Award.

## THE AWARD

33. On October 31, 2016, the Arbitrator issued his "INTERIM AWARD OF ARBITRATOR", finding in all respects, including entitlement to attorneys' fees and costs, in favor of Developer and DRI and against Johnson. Thereafter, on January 19, 2017, the

Case 6:18-cv-00090-RBD-TBS Document 1 Filed 01/18/18 Page 6 of 10 PageID 6

Diamond Resorts U.S. Collection Development, LLC *et al.* vs. Johnson
Petition to Confirm Arbitration Award

Arbitrator issued his "FINAL AWARD" determining the amount of the total award, including the prevailing party attorneys' fees and costs award, to which Developer and DRI (as prevailing respondents in the arbitration) are entitled (the Interim Award of Arbitrator dated October 31, 2016 and the Final Award dated January 19, 2017, shall together be referred to as the "Award").[1]

34. In his "Interim Award of Arbitrator", the Arbitrator found for DRI and Developer and against Johnson on each of Johnson's (as claimant in the arbitration) six (6) claims. He likewise found for Developer (as the counterclaimant in the arbitration) and against Johnson on Developer's counterclaim.

35. The "**FINDINGS**" section of the Interim Award of Arbitrator explained the result:

"Based upon all of the foregoing, the Arbitrator finds:

1. **All claims brought by Claimant for which she had the burden of proof, and there being no proof of any of them, are denied as having no basis in law or in fact.**
2. **Respondent Developer has established its claim that Claimant is liable to it on her Promissory Note in the sum of $24,359.04 (as of August 3, 2016) and the per diem on the sum due and owing pursuant to the Note, $7.51, will continue to accrue until paid.**
3. **The Respondent Developer will submit proofs in the form of affidavits and other appropriate records with respect to the legal fees and costs expended in prosecution of its Counterstatement of Claim with respect to the amount due on the Promissory Note, and on the Attorney's Fees and Expenses attributed to prosecution of the claim on the Note.**
4. **The filing of this arbitration by Claimant's attorney, and thus by Claimant, was not done in good faith as defined by the provision in the arbitration agreement. Claimant is responsible for the payment to**

---

1. The Interim Award of Arbitrator dated October 31, 2016, along with the Final Award dated January 19, 2017, are, together, the Award to be confirmed in this case, and are attached as Composite Exhibit B.

Diamond Resorts U.S. Collection Development, LLC *et al.* vs. Johnson
Petition to Confirm Arbitration Award

> Respondents of the attorney's fees and costs expended by them in the defense of this arbitration, as well as the costs and fees of the Association and of the Arbitrator. Respondents are directed to file the appropriate proof of attorney's fees and costs associated with the defense of this arbitration for determination of the award."[2]

36. On January 19, 2017, the Arbitrator issued his "Final Award" in which he adopted the finding of his Interim Award of Arbitrator and resolved all claims and counterclaims, including determined the amounts of prevailing party attorneys' fees and costs to which Developer and DRI are entitled:

> I, THE UNDERSIGNED ARBITRATOR, (. . .), does hereby FIND and AWARD as follows:
>
> 1. The Interim Award, dated October 31, 2016, and all of its findings are adopted in this Final Award and incorporated herein by reference.
>
> 2. All claims brought by Claimant for which she had the burden of proof, and there being no proof of any of them, are dismissed, with Claimant taking nothing.
>
> 3. Respondent Developer is awarded the sum of $25,162.19 as of November 10, 2016 on the Promissory Note, and the per diem on the sum due and owing pursuant to the Note, $7.51, will continue to accrue until paid.
>
> 4. The Respondent Developer is entitled to an award for attorney's fees totaling $99,802.00 incurred in enforcing the Promissory Note which by its nature entailed disproving Claimant's defenses to the Promissory Note. . . . The Arbitrator also finds the attorney's fees to be reasonable pursuant to the lodestar method for calculating a reasonable attorney's fees.
>
> 5. In addition, because the Promissory Note provides for an award of "expenses" incurred in collecting pursuant to the Note, Respondent is also entitled to an award of $7,256.12 in costs unrelated to the costs of the arbitration expenses, for a total of Promissory Note-related attorney's fees and costs of $107,067.12.

---

2. Composite Exhibit B, "INTERIM AWARD OF ARBITRATOR", p. 11 (emphasis added).

> 6. In addition, because the filing of this arbitration by Claimant's attorney, and thus, Claimant, was not done in good faith as defined by the provision in the arbitration agreement, Claimant is responsible for the payment to Respondents of the costs and fees of the Association, totaling $7,300.00, and of the Arbitrator totaling, $28,004.73. Therefore, Claimant shall reimburse Respondent the sum of $35,304.73 for fees and expenses previously incurred by Respondent.[3]

37. Petitioners DRI and Developer move to confirm the award against Respondent Johnson in accordance with the Federal Arbitration Act, 9 U.S.C. §9.

## COUNT I – CONFIRMATION OF AWARD UNDER 9 U.S.C. §9

38. Petitioners incorporate and reallege all the allegations in paragraphs 1 through 37 of this Petition herein.

39. The Arbitrator rendered a final Award in favor of Petitioners Developer and DRI and against Respondent Johnson on January 19, 2017.

40. Johnson failed to move to vacate, modify, or correct the award within the three (3) months period following the date the Award is filed or delivered, as required by 9 U.S.C. §12.

41. Johnson's failure constitutes a waiver of any challenge to the Award or opposition to this Petition.

42. Developer and DRI have timely petitioned this Court for confirmation of the Award by filing this Petition within one (1) year from the date the Award was made – i.e. prior to January 19, 2018 – as provided by 9 U.S.C. §9.

---

3. Composite Exhibit C, "FINAL AWARD", pp. 1-2 (emphasis added).

Case 6:18-cv-00090-RBD-TBS Document 1 Filed 01/18/18 Page 9 of 10 PageID 9

Diamond Resorts U.S. Collection Development, LLC *et al.* vs. Johnson
Petition to Confirm Arbitration Award

43. Pursuant to the Agreement and 9 U.S.C. §9, Petitioners are entitled to judgment confirming the findings and conclusions of the Award and to a money judgment in the total amount of the Award.

44. The Arbitrator's Final Award entitled Developer to recover damages for breach of the Note, attorneys' fees and costs pursuant to the Note's prevailing party fee-shifting provision, and recovery of the AAA and Arbitrator fees because the claims were brought in bad faith.

45. As of January 9, 2018, the total amount to which Developer and DRI are entitled under the Award, for which they seek confirmation of and judgment from this Court against Respondent Johnson, is **$170,733.30**, with per diem interest continuing to accrue.

46. The amount for which judgment is sought consists of: $28,361.45 in damages against Respondent Johnson for breach of the Note (which includes accrued interest in the amount of $3,199.26 through January 9, 2018, with interest continuing to accrue per diem of $7.51), plus administrative fees and expenses of $35,304.73, plus attorneys' fees and costs of $107,067.12.

47. Petitioners have engaged Greenspoon Marder LLP to represent them in this matter and are obligated to pay their attorneys a reasonable fee for their services. Petitioners are entitled to recover prevailing party attorneys' fees and the costs incurred in these proceedings.

**WHEREFORE,** Petitioners Diamond Resorts U.S. Collection Development, LLC, and Diamond Resorts International, Inc. respectfully request that this Court:

A. Grant this Petition;

Diamond Resorts U.S. Collection Development, LLC *et al.* vs. Johnson
Petition to Confirm Arbitration Award

B.  Enter Judgement confirming the Award consisting of the Arbitrator's "INTERIM AWARD OF ARBITATOR" dated October 31, 2016, as modified and finalized by the "FINAL AWARD" on January 19, 2017;

C.  Enter a money judgment in favor of Petitioners, Developer and DRI, and against Respondent Johnson in the amount of the Award;

D.  Award and enter Judgment in favor of Petitioners, Developer and DRI, and against Respondent Johnson for the attorneys' fees and costs incurred in these proceedings to confirm the Award; and

E.  Award Petitioners such other and further relief as the Court may deem proper.

**GREENSPOON MARDER LLP**

*/s/ Richard W. Epstein*

RICHARD W. EPSTEIN (FL Bar No. 229091)
Email: richard.epstein@gmlaw.com
KATHRYN G. SAFT (FL Bar No. 41069)
Email: kate.saft@gmlaw.com
MEREDITH H. LEONARD (FL Bar No. 69535)
Email: meredith.leonard@gmlaw.com
EYAL SHARON (FL Bar No. 91225)
Email: eyal.sharon@gmlaw.com
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 343-6952