UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIAMOND RESORTS U.S. COLLECTION
DEVELOPMENT, LLC and DIAMOND
RESORTS INTERNATIONAL, INC.,

    Petitioners,

v.                                           Case No: 6:18-cv-90-Orl-37TBS

NANCY A. JOHNSON,

    Respondent.
_____

## ORDER

This case comes before the Court on Petitioners' Motion to Strike Respondent's Affirmative Defense (Doc. 16). Respondent has filed a response in opposition (Doc. 18). Upon due consideration, the motion is **GRANTED** and Respondent's affirmative defense is **STRICKEN**.[1]

## Background

In October 2013, Respondent Nancy A. Johnson contracted (the "Contract") to purchase a timeshare interest from Petitioner Diamond Resorts U.S. Collection Development, LLC (the "Developer") (Doc. 1, ¶ 17). As part of the transaction, Respondent executed and delivered a promissory note to Developer (Id., ¶ 18). The Contract contains a binding arbitration provision that "is governed by the Federal Arbitration Act ("FAA") and not state arbitration laws" (Id., ¶ 19; Doc. 15-1 at 8; Contract, ¶ 18(e)). On September 22, 2015, Respondent initiated an arbitration proceeding against Petitioner Diamond Resorts International, Inc. ("DRI") - a non-signatory to the Contract - by filing a Statement of Claim

---

[1] The Court **DENIES** Petitioners' request for oral argument on the motion (Doc. 17).

with the American Arbitration Association (Id., ¶ 22). On December 24, 2015, Respondent amended her Statement of Claim to include Developer (Id., ¶ 25). Developer counterclaimed for breach of the promissory note (Id., ¶ 28). The final arbitration hearing took place in Orlando, Florida on August 2-3, 2016 (Id., ¶ 29). On January 19, 2017, the Arbitrator issued his final award in favor of Petitioners (Id., ¶ 33). The award includes $170,733.30 payable to Developer based upon Respondent's breach of the promissory note (Id., ¶¶ 33, 36, 45). Respondent did not move to vacate the arbitration award and on January 18, 2018 Petitioners filed this action to confirm the award (Doc. 1). Respondent filed her answer on August 17, 2018, in which she asserts the following affirmative defense:

> PURSUANT TO 9 U.S.C.S. § 10, THE ARBITRATION AWARD SHOULD BE VACATED AND NOT CONFIRMED, AS THE PETITIONERS VOLUNTARILY AND BENEFICIALLY DISCHARGED THE UNDERLYING OBLIGATION CAUSING RESPONDENT TO INCUR INCOME TAX LIABILITY, AND THEREFORE, FURTHER COLLECTION EFFORTS BY PETITIONER WOULD BE INEQUITABLE AND BARRED

(Doc. 14) (emphasis in original). This defense is based upon the filing by non-party Diamond Resorts Financial Services, Inc., of an IRS Form 1099-C stating that on July 21, 2017, $20,819.39 in indebtedness owed by Respondent was discharged (Id., at 8). Apparently, the sum discharged represents the original amount of the promissory note (Doc. 18 at 5). Respondent argues that this discharge of the underlying debt necessarily discharges all other indebtedness associated with it, including the attorney's fees awarded to Developer (Id.). Respondent also contends that Petitioners obtained a tax benefit from the discharge of the debt, while creating a potential tax liability for her, due to the possible imputation of income to her based upon the forgiveness of the debt (Id., at 2). Respondent argues that this occurred well after the final arbitration award was entered and is extrinsic

to that proceeding (Id., ¶ 4). She maintains that under these circumstances it would inequitable and a violation of public policy to permit Petitioners to enforce the arbitration award (Id., ¶¶ 5-6). Petitioners are asking the Court to strike Respondent's affirmative defense on the grounds that it is legally insufficient and time barred (Doc. 16).

### Legal Standard

Under the FAA, a party may apply to a district court for an order confirming an arbitration award, and "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed" in the statute. Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 587 (2008) (quoting 9 U.S.C. § 9); S. Communs. Sers. V. Thomas, 720 F.3d 1352, 1357-58 (11th Cir. 2013). Section 9 "carries no hint of flexibility." PTA-FL, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016). "In the Eleventh Circuit, arbitral decisions are treated with extraordinary deference and 'There is a presumption under the FAA that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible.'" Johnson v. Directory Assistants, Inc., 797 F.3d 1294, 1299 (11th Cir. 2015) (quoting Fraizer v. Citi-Financial Corp, LLC, 604 F.3d 1313, 1321 (11th Cir. 2010)). "Judicial review of arbitration awards under the FAA is very limited." Fornell v. Morgan Keegan & Co., Inc., No. 6:12-cv-38-Orl-28TBS, 2012 WL 3155727, at *1 (M.D. Fla. Aug. 3, 2012) (quoting Brown v. Rauscher Pierce Refsnes, Inc., 994 F.2d 775, 778 (11th Cir. 1993)). "While several judicially-created bases for vacatur had developed in this circuit over the past few decades, [the Eleventh Circuit] held in Frazier that such grounds are no longer valid in light of the Supreme Court's decision in Hall Street." Johnson, 797, F.3d at 1299 (citing Frazier, 604 F.3d at 1324). Thus, the grounds for vacatur listed in § 10(a) are exclusive. Id. That is to say the statute "presumes that arbitration awards will be confirmed

and enumerates only four narrow bases for vacatur." Fornell, 2012 WL 3155727, at *1. The four exclusive bases for vacatur are:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –
>
>> (1) Where the award was procured by corruption, fraud, or undue means;
>>
>> (2) Where there was evident partiality or corruption in the arbitrators, or either of them;
>>
>> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>>
>> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10.

Ultimately, "a party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." STMicroelectronics, N.V. v. Credit Suisse Securities (USA), LLC, 648 F.3d 68, 74 (2d Cir. 2011).

## Discussion

### A. Respondent Has Failed to Assert A Recognized Basis for Vacatur

Respondent's affirmative defense does not assert any of the Section 10 grounds for vacatur. Because Section 10 "provides the exclusive means by which a federal court may upset an arbitration panel's award," Respondent's defense is due to be stricken. White Springs Agric. Chems., Inc. v. Glawson Invs. Corp., 660 F.3d 1277, 1280 (11th Cir. 2011) (citing Hall, 552 U.S. at 586).

### B. Respondent's Defense is Not Extrinsic and Collateral to the Arbitration

According to Respondent, her defense should not be stricken because it involves

- 4 -

matters "extrinsic and collateral to the arbitration itself and resulting award," and is therefore, not subject to the FAA's constraints (Id. at 3-4). She maintains that her affirmative defense "goes beyond the scope of the arbitration itself and the resulting award" (Id. at 4), while seeking to be relieved from her obligation to pay the arbitration award. Contrary to Respondent's argument, her contention that Petitioners' decision to discharge part of the debt extinguishes her obligation to pay the arbitration award goes to the heart of the award. And, Respondent has not cited any law to support her contention that the filing of an IRS Form 1099-C concerning part of the underlying debt discharges the arbitration award in whole or in part.

### C. Respondent's Defense Is Time-Barred

Section 12 mandates that a motion to vacate or modify an award be "served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C.A. § 12. Respondent's request to vacate the award was filed as an affirmative defense more than a year and a half after the arbitrator's award was entered (Doc. 1, ¶ 32; Doc. 14). The statute makes no provision for events occurring after the ninety day window for challenging an arbitration award (Doc. 18 at 4). Consequently, Respondent's affirmative defense is time-barred.

### D. Federal Rule of Civil Procedure 60(b)

Respondent also seeks relief under FED. R. CIV. P. 60(b) which empowers the Court to relieve a party "from a final judgment, order, or proceeding" in six circumstances. The Eleventh Circuit has recognized Rule 60(b) as a vehicle by which a district court may - after the arbitration award has been confirmed–take into account any portion of an arbitration award that has been prepaid. See AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 579 F.3d 1268, 1271 (11th Cir. 2009). The Court has not yet confirmed the arbitration

award, so Respondent's attempt to seek an offset in the amount of the discharged debt is premature. Respondent may petition the Court for post-judgment relief, to the extent appropriate, should the Court confirm the arbitration award.

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2018.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record