UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIAMOND RESORTS U.S.
COLLECTION DEVELOPMENT, LLC;
and DIAMOND RESORTS
INTERNATIONAL, INC.,

    Petitioners,

v.                                          Case No. 6:18-cv-90-Orl-37TBS

NANCY A. JOHNSON,

    Respondent.
_____

**ORDER**

This case concerns a petition to confirm an arbitration award. (Doc. 1 ("**Petition**").) Following the parties' submission of briefing (Docs. 20, 22, 24), the Court finds that the Petition is due to be granted.

### I.    BACKGROUND

Petitioners instituted this action on January 18, 2018 seeking to confirm the arbitration award entered against Respondent under the Federal Arbitration Act, 9 U.S.C. § 9. (Doc. 1.) Specifically, Petitioners seek confirmation of the interim and final awards after arbitration proceedings against Respondent concluded on January 19, 2017. (Doc. 1, ¶ 32.) The interim award found in Petitioners' favor in all respects and the final award stated the total award amount, including attorney's fees and costs, that Petitioners were entitled to as a result. (*Id.* ¶¶ 33–36 ("**Award**").) This total was $170,733.30, with per diem interest continuing to accrue for breach of the Promissory Note. (Doc. 22-3, pp. 13–14, ¶¶

3–6.) Respondent failed to move to vacate, modify, or correct the Award within three months as required by 9 U.S.C. § 12, so Petitioners now seek to confirm the Award. (Doc. 1, ¶¶ 38–47.) Briefing complete (Docs. 22, 24), the matter is ripe.

## II.   LEGAL STANDARDS

The Federal Arbitration Act ("**FAA**") controls the Court's review of an arbitration award. *See* 9 U.S.C. §§ 9–12. The FAA provides the exclusive grounds to vacate or modify an arbitration award. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008); *see also Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1324 (11th Cir. 2010) (holding judicially-created bases for vacating arbitration awards are no longer valid in light of *Hall Street*). Judicial review of arbitration awards is "narrowly limited" and the FAA presumes that arbitration awards will be confirmed. *See B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006), *abrogated on other grounds by Frazier*, 604 F.3d 1313.

9 U.S.C. § 10 describes four instances where a court may vacate an award:

(1) Where the award was procured by corruption, fraud, or undue means;
(2) Where there is evident partiality or corruption in the arbitrators;
(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the case and controversy; or of any other misbehavior by which the rights of any other misbehavior by which the rights of any party have been prejudiced; or
(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made

9 U.S.C. § 10(a)(1)–(4). And under § 11, arbitration awards may be corrected or modified:

 (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
(b) Where the arbitrators have awarded upon a matter not submitted to

> them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

Confirmation of an arbitration award is intended to be summary, and confirmation should be withheld only if a party meets the substantial burden imposed under 9 U.S.C. §§ 10 or 11. *See Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989).

### III. ANALYSIS

Petitioners seek confirmation of the arbitration Award based on the simple premise that Respondent waived any objection by not timely moving to vacate, modify, or correct the Award entered against her as required by the FAA. (Doc. 22, pp. 5–6.) Respondent opposes on the grounds that confirming the Award would violate public policy because six months after the Award was entered, she received a 1099-C form indicating Petitioners discharged her debt. (Doc. 24, pp. 1–7; *id.* at 16 ("1099-C **Form**").) As she sees it, that 1099-C Form somehow nullifies the entire Award because confirming it would result in a windfall to Petitioners and inequity to her. (*Id.* at 1–6.) Thus, she asks the Court to vacate the Award. (Doc. 24, pp. 1–13.)

On review, and mindful of its narrow scope of review, the Court finds Respondent's submissions unavailing. To get there, Respondent would have the Court believe that the U.S. Court of Appeals for the Eleventh Circuit still recognizes non-statutory bases for vacatur—specifically the public policy exception. (Doc. 24, p. 8 (citing *Frazier*, 604 F.3d at 1322 n.7).) Yet the Court cannot re-write precedent—and the Eleventh

Circuit in *Frazier* clearly stated, "We hold that our judicially-created bases for vacatur are no longer valid in light of *Hall Street*." 604 F.3d at 1324. Those bases (defined in the footnote Respondent cites) were: (1) arbitrary and capricious; (2) violation of public policy; and (3) manifest disregard of the law. *Id.* at 1322 & n.7. Now, the exclusive grounds for vacatur are the FAA's. *Id.* at 1324. As Respondent raises no such ground, the Award must be confirmed.

The Court also dismisses Respondent's eager argument seeking Rule 60(b) relief should the Court confirm the Award—based on another strained reading of precedent. (Doc. 24, p. 9 (citing *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1272 n.4 (11th Cir. 2009)).) In *AIG Baker Sterling Heights*, the Eleventh Circuit affirmed the district court's grant of partial Rule 60(b)(5) relief to modify the total amount due following arbitration because the district court received undisputed evidence that a portion of the award had already been paid. 579 F.3d at 1269–70, 1272–74. Yet as explained by *Frazier*, *AIG Baker Sterling Heights* does not give a court license under Rule 60(b)(5) to leap outside the FAA's grounds for vacatur when faced with a petition to confirm an arbitration award. *Frazier*, 604 F.3d at 1324 n.9. Indeed, the district court in *AIG Baker Sterling Heights* "neither vacated nor modified the arbitration award but, rather, entered a judgment confirming the award and then subsequently granted relief from that judgment under Rule 60(b)(5)." *Id.* And again, at its fingertips the district court had "'unrefuted evidence' of the [respondent's] payment to the taxing authority, including copies of the pertinent checks and affidavits showing that [the petitioner] paid no portion of the pertinent taxes." *AIG Baker Sterling Heights*, 579 F.3d at 1273. Such evidence led the

district court to conclude that the respondent "had already satisfied some of the judgment against it and, therefore, was entitled to some relief under Rule 60(b)(5)." *Id.*

What happened in *AIG Baker Sterling Heights* is inapplicable here, where the Court is faced with the front-end decision of whether to confirm the Award and enter judgment against Respondent accordingly. At this point, the Court must confine its review to the FAA's statutory bases. *Frazier*, 604 F.3d at 1324. On those grounds, the Award stands. The Court notes, however, that it does not take the issue of post-judgment relief lightly. *AIG Baker Sterling Heights* was a situation where that court determined extraordinary circumstances existed to justify post-judgment relief based on the evidence in front of it. 579 F.3d at 1270-74. Getting a 1099-C Form does not equate, and the Court finds troubling Respondent's request that should the Award be confirmed, "the Court provide immediate post-judgment relief" based on that. (Doc. 24, p. 9.) To do so, the Court would have to be entering an order believing relief should be granted therefrom. *See* Fed. R. Civ. P. 60(b). No. The Award is confirmed despite Respondent's receipt of the 1099-C Form, and the Court does not reach Respondent's other arguments regarding attorneys' fees. (Doc. 24, pp. 9–13.)

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioners Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts International, Inc.'s Petition/Motion to Confirm an Arbitration Award Pursuant to Section 9 of the Federal Arbitration Act (Doc. 1) is **GRANTED**.

-6-

2. The Interim Award of Arbitrator dated October 31, 2016, as modified and finalized by the Final Award dated January 19, 2017 (Doc. 22-3) is **CONFIRMED**.

3. The Clerk is **DIRECTED** to enter judgment in favor of Petitioners and against Respondent in the amount of $170,733.30; and **CLOSE** the file.

4. Petitioners may thereafter file a motion for attorneys' fees and costs related to this proceeding.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 16, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record