UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIAMOND RESORTS U.S.
COLLECTION DEVELOPMENT, LLC and
DIAMOND RESORTS INTERNATIONAL,
INC.,

    Petitioners,

v.　　　　　　　　　　　　　　　　　　　Case No:　6:18-cv-90-Orl-37TBS

NANCY A. JOHNSON,

    Respondent.

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioners' Motion for Attorneys' Fees (Doc 29). Upon due consideration, I respectfully recommend that the motion be granted in part.

### I. Background

Petitioners Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts International, Inc. filed this case to confirm an arbitration award they recovered against Respondent Nancy A. Johnson (Doc. 1). After briefing, the Court directed the entry of judgment for Petitioners and the Clerk entered judgment on April 17, 2019 (Docs. 25-26). Respondent has not appealed the judgment. One of the documents upon which Petitioners asserted their claims against Respondent was a promissory note which provides for the recovery of Petitioners' attorney's fees (Doc. 29-1 at 2). When the Court confirmed the arbitration award it also gave Petitioners leave to file a motion for their attorney's fees and costs related to this proceeding (Doc. 25 at 6).

Now, Petitioners seek an award of $27,454.50 in fees (after reductions), based upon 88.4 billable hours to obtain confirmation of the arbitration award (Doc. 29 at 4). Respondent has not filed a response to the motion and the time to do so has expired.

The fee application includes the work of five partners/shareholders, six associates, and one paralegal, itemized as follows:

| Category | Hours | Rate | Total |
|---|---|---|---|
| **Partners/Shareholders** | | | |
| Richard W. Epstein | 9.1 | $450-610 | $4,303.00 |
| Haas A. Hatic | 2.5 | $400 | $1,000.00 |
| John H. Pelzer | 7.1 | $765 | $5,431.50 |
| Jeffrey A. Backman | 0.6 | $550 | $330.00 |
| **Associates** | | | |
| Meredith H. Leonard | 23 | $290-440 | $7,302.00 |
| Phillip A. Silvestri | 19.7 | $290 | $5,713.00 |
| Mitchell Levine | 6.6 | $275 | $1,815.00 |
| Nima Tahmassebi | 8.2 | $250-275 | $2,102.50 |
| Roy Taub | 0.3 | $475 | $142.50 |
| Eyal Sharon | 10.2 | $250 | $2,550.00 |
| **Paralegal** | | | |
| Sara Jurecki | 1.1 | $175 | $192.50 |
| **Total** | | | $30,505.00 |
| **Less 10% discount** | | | $3,050.50 |
| **Net Total** | | | $27,454.50 |

(Id., at 5).

## II. Discussion

Because Respondent has not responded to the motion the Court may treat it as unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed). However, I recommend the Court analyze the merits of the motion.

The Court employs the lodestar approach as the first step in calculating a reasonable fee for a lawyer's services. Hensley v. Eckerhart, 461 U.S. 424 (1983); Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman, 836 F.2d at 1299; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).

"[T]he lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980) and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare occasions the factor of results obtained and, perhaps, enhancement for

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

contingency." Norman, 836 F.2d at 1299. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19 (abrogated on other grounds by Blanchard v. Bergeron, 109 S.Ct. 939, 489 U.S. 87, 103 L.Ed.2d 67 (1989)).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. A party may satisfy this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern., 6:08-CV-1182-ORL22DAB, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010) (citing Norman, 836 F.2d at 1299). The fee applicant should "supply[] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." Norman, 836 F.2d at 1303. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion. Id. at 1299. "[T]he best information available to the court is usually a range of fees set by the market place...." Id. at 1301.

The amount of time billed is viewed as "the most useful starting point for determining the amount of a reasonable fee." Hensley, 461 U.S. at 433. The fee applicant has the burden to adequately document the hours expended on the matter. Id. at 437.

"[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman, 836 F.2d at 1303. "[E]xcessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." Id. at 1301. In other words, fee applicants must exercise "billing judgment." ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Hensley, 461 U.S. at 434).

The court may assess the skills of the lawyers and the quality of the representation in the case before it when determining a reasonable hourly rate. See Turner v. Sec'y of Air Force, 944 F.2d 804, 808-09 (11th Cir. 1991) (affirming district court judgment that took into account counsel's work product, preparation, and general ability when setting an hourly rate). "The Court reserves higher rates for 'the most skilled attorneys litigating complex cases." Westlake v. Atlantic Recovery Sols., LLC, No. 8:15-cv-1626-T-33TBM, 2016 WL 279439, at *3 (M.D. Fla. Jan. 22, 2016) (citing Ottaviano v. Nautilus Ins. Co., 717 F. Supp. 2d 1259, 1270 (M.D. Fla. 2010)) (internal quotation marks omitted; emphasis in original).

"Ultimately, the computation of a fee award is necessarily an exercise in judgment because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). "Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow meaningful review–the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." Moton v. Nathan & Nathan, P.C., 297 F. App'x 930, 932 (11th Cir. 2008)

(quoting Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal citations and quotations omitted).

This was a simple case. The arbitrator awarded Petitioners $170,733.30 (Doc. 1, ¶¶ 27, 29, 32, 35, 45). As Petitioners explained in their brief, the Court had the authority to confirm the arbitration award solely on their petition, without the necessity of a dispositive motion (Doc. 22 at 4). They also noted that more than three months had passed since the arbitrator made his final award and Respondent had not filed a motion to modify, correct or vacate. Consequently, Respondent had waived the right to seek modification, correction, or vacation of the arbitrator's award (Id., at 5). In fact, Petitioners argued that "[c]onfirmation of the arbitration award by this Court is mandatory in the absence of any meritorious and timely motion to vacate, modify or correct." (Id.).

My opinion that this was a simple case is borne out by the docket. There are only 29 entries, none of which reflect any complex legal work. Petitioners filed a motion for an extension of time to serve Respondent (Doc. 6); two of Petitioners' lawyers sought leave to withdraw (Docs. 12, 21); Petitioners motioned the Court to strike Respondent's sole affirmative defense (Doc. 16); they requested oral argument on their motion to strike (Doc. 17); Petitioners filed a flawed motion for attorney's fees (Doc. 27); and the pending motion (Doc. 29). Respondent never filed a motion. Petitioners also submitted a seven-page brief (Doc. 22), supported by their lawyer's declaration (Doc. 22-1) in support of their petition to confirm the arbitration award. Respondent filed a thirteen-page response, supported by nine pages of exhibits (Doc. 24).

Because this case was so basic Petitioners have failed to convince me that the work of ten lawyers, at rates as high as $765 per hour, plus the aid of a paralegal, was required to properly staff the matter. To the contrary, I find that this case would have been

appropriately handled by a single associate with the assistance of the paralegal. Examination of the time sheets shows time spent by lawyers conferring with one another, updating a "litigation chart," calendaring deadlines, and considerable "analysis" of the status of service of process. At least 4.5 hours was spent preparing the motion for an enlargement of time to serve Respondent. Time was also spent studying the Court's Local Rules and on an unnecessary and never filed motion for summary judgment (Doc. 29-2).

Another concern is who was doing the work. Partner John H. Pelzer is, according to the firm's website, board certified by The Florida Bar as a specialist in appellate law.[2] He is said to have over thirty years of experience during which time he has developed "the skills of mastering a static record, capitalizing on or avoiding the weaknesses of judicial decisions, researching and analogizing pertinent precedent, and then expressing the result in a cogent written brief that makes the result appear obvious from the outset." (Id.). Petitioners are asking the Court to award $3,213 for Mr. Pelzer to "Research regarding procedure and standard for confirmation of arbitration. Review factual admissions from Respondent." (Doc. 29-2 at 6). This is work that should be done by a first-year associate, not a partner with over thirty years of experience. I could go on but will not further bore the reader.

At this point I could list all the time entries I believe should be reduced or deleted or I could recommend an across the board reduction. Instead, I have opted for a third alternative. After reviewing the docket, I find the following hours would be both reasonably

---

[2] https://www.gmlaw.com/attorneys/john-pelzer/ last visited June 12, 2019.

expended on this case by an associate, and fairly allocated to Respondent. If a partner performed the work, I would reduce some of these time increments.

| | |
|---|---|
| Preparation of the Petition | 3.5 hours |
| Preparation of the Summons | 0.2 (by a paralegal) |
| Read Order of reassignment | 0.1 |
| Prepare Certificate of Interested Persons and Corporate Disclosure Statement | 1.0 |
| Prepare Motion to Extend Time to Serve Respondent | 1.0 |
| Read Order granting motion to extend time | 0.1 |
| Read Notice of Designation of Case | 0.5 |
| Review waiver of service | 0.1 |
| Review Answer and Affirmative Defense | 0.5 |
| File Exhibits to Petition | 0.2 (by paralegal) |
| Prepare Motion to Strike Affirmative Defense | 2.0 |
| Prepare Request for Oral Argument | 0.2 |
| Review Response to Motion to Strike | 0.5 |
| Read Order granting Motion to Strike | 0.1 |
| Read Order setting Briefing Schedule | 0.1 |
| Prepare Petitioners' Brief | 7.0 |
| Read Respondent's Brief | 0.5 |
| Read Order granting Petition | 0.2 |
| File Motion for Attorney's Fees | 3.5 |
| Subtotal | 20.9 attorney hours |
| | 0.4 paralegal hours |

To these amounts I would add 2.0 hours for communication with the client and 6.0 hours to capture all the other things lawyers do in addition to preparing and reading pleadings and papers, talking to the client and opposing counsel, and reading and responding to Court orders. This results in a total of 28.9 hours of attorney time and 0.4 hours of paralegal time which I find can reasonably be shifted to Respondent.

Next, the Court must calculate reasonable hourly rates for counsel. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates. Id. The rates charged by Defendants' attorneys are significantly higher than the rates charged by lawyers of comparable skill and experience who routinely appear in this division of the Court. The Court also finds, based upon its own knowledge and experience, that there were competent Central Florida attorneys who could have handled this matter at much lower rates than the rates charged by Defendants' counsel.

The firm representing Petitioners billed its associates out at fees ranging from $250 to $440 per hour. These rates are above what lawyers in the Middle District of Florida routinely charge for equally simple work. According to The Florida Bar's 2018 Economics and Law Office Management Survey published in March 2019, the median hourly rate for Florida attorneys is $300.[3] In view of the simplicity of this case, I find that a reasonable hourly associate rate is $260. The paralegal who worked on this case was billed out at the rate of $175 per hour. The same Florida Bar survey found that $125 is the

---

[3] https://www-media.floridabar.org/uploads/2019/03/2018-Economics-Survey-Report-Final.pdf at 8, last visited June 12, 2019.

median hourly rate for paralegals (Id., at 13). Here, I find $125 per hour reasonable for the billable services to be provided by a paralegal. Using my calculations, I find the lodestar in this case is 28.9 hours at $260 = $7,514 + 0.4 hours at $125 = $50 making a total of $7,564.

Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors including the results obtained. Norman, 836 F.2d at 1302. "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)). Here, I find no reason to adjust the lodestar.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **GRANT** the motion **in part** and award Petitioners $7,564 in attorney's fees. In all other respects, I recommend the motion be **DENIED**.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 12, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties